UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:01-cr-0089-JMS-TAB |
| | ) | |
| FABIAN SOTO-NAVA, | ) | - 05 |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

On March 1, 2017, the Court held a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed on January 10, 2014. Defendant Soto-Nava appeared in person with his appointed counsel Joseph Cleary. The government appeared by Barry Glickman, Assistant United States Attorney. U. S. Parole and Probation appeared by Officer Diane Asher. Victor Krebs was sworn as the Spanish interpreter.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1. The Court advised Defendant Soto-Nava of his rights and ensured he had a copy of the Petition. Defendant Soto-Nava orally waived his right to a preliminary hearing.

2. After being placed under oath, Defendant Soto-Nava admitted violations 1 and 2 as set forth in the Petition. [Docket No. 16.]

3. The allegations to which Defendant admitted, as fully set forth in the petition, are:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall not commit another federal, state, or local crime."**<br><br>On December 25, 2013, the defendant, using the name Fabian Nava, was arrested in Midland, Texas, and charged with Assault Bodily Injury/Family Violation, misdemeanor, Possession of a Controlled Substance, felony, and Failed to Identify/Giving False/Fictitious Info, misdemeanor. The defendant remains in custody in Midland, Texas. |
| 2 | **"Upon completion of imprisonment, the defendant shall be surrendered to Immigration authorities for deportation proceedings pursuant to the Immigration and Naturalization Act, and if detained shall not be required to the probation officer within 72 hours of release from imprisonment. The defendant shall not enter the U.S. illegally. If granted permission by Immigration authorities to remain in or legally re-enter the U.S. during the period of supervised release, the defendant shall report immediately to the probation officer."**<br><br>On January 31, 2013, the probation officer confirmed the defendant had been deported. The defendant did not have permission to remain in or re-enter the United States. |

4. The Court finds that:

   (a) The highest grade of violation is a Grade B violation.

   (b) Defendant's criminal history category is III.

   (c) The range of imprisonment applicable upon revocation of supervised release, therefore, is 8 to 14 months' imprisonment.

5. The parties jointly recommended a sentence of fourteen (14) months with no supervised release to follow. Defendant requested placement at FCI Texarkana.

The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, recommends that the District Judge find that the Defendant violated the conditions in the Petition, and further recommends that Defendant's supervised release be

revoked, and that he be sentenced to the custody of the Attorney General or his designee for a period of fourteen (14) months, with no supervised release to follow. The Magistrate Judge further recommends that the Court make a recommendation of placement at FCI Texarkana.

The Defendant is to be taken into custody immediately pending the District Judge's action on this Report and Recommendation.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge. The parties have fourteen days after being served a copy of this Report and Recommendation to serve and file written objections with the District Judge.

Dated: 10 MAR 2017

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Marshal